IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC.,           :

     Plaintiff,                                            :

v.                                                              :           Case No. WDQ-13-3204

RUDEL D. LATTIMORE, *et al.*                 :

     Defendants.                                       :

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") filed by Plaintiff J & J Sports Productions, Inc. against Defendants Rudel D. Lattimore and Cheryl R. Sanders (collectively "Defendants"). (ECF No. 18). Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On May 5, 2014, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Quarles referred this case to me for a report and recommendation on Plaintiff's Motion. (ECF No. 19). I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion for Default Judgment be GRANTED IN PART and DENIED IN PART.

## I.       FACTUAL AND PROCEDURAL HISTORY

On October 29, 2013, Plaintiff commenced this action against Defendants Rudel D. Lattimore; Rumors, LLC; Rumors, Inc.; and Cheryl R. Saunders, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 (unauthorized reception of cable services) and 605 (unauthorized publication or use of communications). (ECF No. 1). The Complaint states that Plaintiff had the "right to distribute the Mayweather/Cotto Broadcast ("the Broadcast") . . . scheduled for May 5, 2012 . . . via closed circuit television and encrypted

satellite signal." (ECF No. 1 at 5). Plaintiff entered into agreements with various commercial establishments that permitted the businesses to exhibit the Broadcast for their patrons. (ECF No. 1 at 5). Defendants did not enter into such an agreement with Plaintiff to exhibit the Broadcast. Despite having "full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so," Plaintiff states, "Defendants . . . did exhibit the Broadcast . . . willfully and for purposes of direct or indirect commercial advantage or private financial gain." (ECF No. 1 at 6). Service of process was effected on the Defendants in November 2013. (ECF Nos. 4 & 8). The Defendants did not file an answer or responsive pleading within the requisite time period. On January 27, 2014, Plaintiff filed a Notice of Settlement (ECF No. 9), which prompted the Court's Order of January 28, 2014 (ECF No. 10) dismissing the case without prejudice to the right of any party to move to reopen the case if settlement was not consummated within thirty days. On February 26, 2014, Plaintiff filed a Motion to Reopen Case (ECF No. 11), which stated that the settlement agreement between the parties had not been consummated, and requesting that the Court reopen the case. The Court granted the Motion to Reopen (ECF No. 14). Subsequently, Plaintiff moved for entry of default on April 14, 2014 (ECF No. 16) and the Clerk's Entry of Default was entered on April 16, 2014 (ECF No. 17).[1]

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26,

---

[1] Plaintiff dismissed its claims against Defendants' bar, Rumors, LLC/Rumors, Inc. (ECF Nos. 13 & 15).

2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005). If the court determines that liability is established, the court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure establishes the Court's legal framework for resolving this matter.  "If, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Id*. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the

record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B.      Liability

Plaintiff's Complaint seeks damages under two statutes, 47 U.S.C. § 605 and 47 U.S.C. § 553. As Plaintiff concedes, however (*see* ECF No. 18-3 at 7), courts in this district have previously held that plaintiffs cannot recover under both statues for the same conduct, and generally allow for recovery under § 605 as it provides for the greater recovery. *See J & J Sports Productions, Inc. v. Royster, et al.*, No. RWT-11-1597, 2014 WL 992779, at *3 (D. Md. Mar. 13, 2014); *J & J Sports Productions, Inc. v. Frank Little Enterprises, LLC*, No. DKC-12-0997, 2012 WL 6019366, at *2 (D. Md. Nov. 30, 2012).

Taking as true the well-pleaded allegations of the Complaint (ECF No. 1), Defendants' liability is readily established in this case. To prove a violation of § 605(a), Plaintiff must show that Defendants, without authorization, received and divulged the Broadcast. *See That's Entm't, Inc. v. J.P.T., Inc.*, 843 F. Supp. 995, 999 (D. Md. 1993). Plaintiff entered into a contract that granted it the right to distribute the Broadcast. (ECF No. 1 at 5). Defendants willfully exhibited the Broadcast to its patrons without having obtained Plaintiff's authorization. (*Id.* at 6). Accordingly, I find that Plaintiff has stated a claim for relief under 47 U.S.C. § 605 (Count I). Because Plaintiff cannot recover under both counts of the Complaint, I recommend that Plaintiff's Motion for Default Judgment be granted as to Count I (47 U.S.C. § 605) and denied as to Count II (47 U.S.C. § 553).

### C.      Damages

#### 1.      Statutory damages

Having determined that Plaintiff has established liability, it is now appropriate to determine the damages to which Plaintiff is entitled. Plaintiff "elects to recover under 47 U.S.C.

§ 605(a)," and further "elects for statutory damages pursuant to [47 U.S.C.] § 605(e)(3)(C)(i)(II)." (ECF No. 18-3 at 7). Judge Nickerson set forth the relevant considerations in the statutory damages analysis under § 605(e)(3)(C)(i)(II) in *J & J Productions, Inc. v. Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *1 (D. Md. June 7, 2010) (internal citations omitted):

> Here, Plaintiff has elected an award of statutory damages, which under 47 U.S.C. § 605(e)(3)(C)(i)(II) entitles Plaintiff to an award "as the court considers just," between a range of $1,000 to $10,000 for each unauthorized reception and publication of a radio communication by the defendants in violation of section 605(a). Courts in this Circuit have used two different approaches to exercising its discretion in awarding damages under § 605(e)(3)(C)(i)(II). The first approach has two variations. This approach involves multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. The first variation seeks to approximate the defendant's profits or the plaintiff's lost earnings assuming each patron would have ordered the event for residential viewing. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. The other approach to calculating damages is to award a flat sum per violation.

Here, Plaintiff has submitted evidence that Defendants charged a $5.00 cover fee to patrons to enter their establishment on the date of the Broadcast, and that Defendants' bar had a capacity for 50 to 100 people. If the Court based its statutory damages calculation on the capacity of Defendants' bar, the amount of damages would be less than the minimum statutory damages (the product of 100 people paying $5.00 each is only $500.00). Plaintiff has submitted no evidence as to the number of patrons present at Defendants' bar at the time of the Broadcast, but has submitted evidence that Defendants would have been required to pay Plaintiff a fee of $2,200.00 to legally obtain and exhibit the Broadcast. Plaintiff "urges that a sum greater than the licensing fee is appropriate" because Defendants' bar charged $5.00 per patron, stood to profit from the sale of food and drinks to patrons during the Broadcast, and potentially took customers away from neighboring commercial establishments that had paid for the rights to exhibit the

5

Broadcast, in turn making licenses to exhibit such broadcasts less valuable. (ECF No. 18-3 at 14). Other courts in this district, under similar circumstances, have awarded plaintiffs the license fee that would have been required to legally broadcast an event. *See J & J Sports Productions, Inc. v. Mumford*, No. DKC-10-2967, 2012 WL 6093897 (D. Md. Dec. 6, 2012) (awarding statutory damages in the amount of $4,200.00, the license for the broadcast in that case); *J & J Sports Productions, Inc. v. Frank Little Enterprises, LLC*, No. DKC-12-0997, 2012 WL 6019366 (D. Md. Nov. 30, 2012) (awarding statutory damages in the amount of $2,200.00, the license for the broadcast in that case). I recommend that Plaintiff be awarded statutory damages in the amount of $2,200.00, which is the amount of the fee Defendants would have had to pay Plaintiff to legally exhibit the Broadcast at its bar.

## 2. Enhanced damages

In determining whether enhanced damages are warranted, courts have examined several factors: "(1) evidence of willfulness; (2) repeated violations over an extended period of time; (3) substantial unlawful monetary gains; (4) advertising the broadcast; and (5) charging an admission fee or charging premiums for food and drinks." *Quattrocche*, 2010 WL 2302353, at *2. Here, Plaintiff seeks enhanced damages in the amount of $25,000.00. Courts have generally awarded "anywhere from three to six times the statutory damages award for enhanced damages." *Mumford*, 2012 WL 6093897, at *4 (internal quotation omitted). In this case, there is evidence supporting an award of enhanced damages: Defendants willfully exhibited the Broadcast for commercial advantage, Defendants advertised their exhibition of the Broadcast on an online Facebook page, and Defendants charged an admission fee of $5.00 per person. At the same time, there is no evidence that Defendants have repeatedly engaged in this behavior, and it is unlikely that Defendants obtained anything more than a minimal financial gain, considering the bar's

limited capacity of 100 persons and low admission fee of $5.00 per person. Accordingly, I find that an award of five times the statutory damage amount is warranted, just as Judge Nickerson found in *Quattrocche*, 2010 WL 2302353, at *3. This amounts to $11,000.00. I recommend that, in addition to statutory damages in the amount of $2,200.00, Plaintiff be awarded enhanced damages of $11,000.00.

**D.      Attorneys' Fees**

Plaintiff seeks to recover its attorneys' fees and relevant costs incurred pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) ("The Court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). Having found that Defendants violated § 605(a), Plaintiff is an "aggrieved party" who "prevailed" for purposes of § 605(e)(3)(B)(iii) and is entitled to recover its costs, including reasonable attorneys' fees. *See Mumford*, 2013 WL 210623, at *1. To determine what constitutes reasonable attorneys' fees, the Court calculates the lodestar amount (the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate) and then determines whether an adjustment is warranted by considering the factors enunciated in *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. The party seeking attorneys' fees bears the burden of proving the reasonableness of the amount sought. *Mumford*, 2013 WL 210623, at *2 (citing *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).

Plaintiff's counsel has submitted an affidavit (ECF No. 18-2) in support of its claim for fees and costs. The affidavit attests that two attorneys – Julie Cohen Lonstein and Dawn M. Conklin – expended a total of 9.96 hours working on this case. (ECF No. 18-2 at 7). The affidavit also attests that a paralegal and legal assistants expended an additional 4.84 hours working on tasks related to this case. (ECF No. 18-2 at 7). Ms. Lonstein, an attorney with over twenty years of experience, billed at a rate of $350.00 per hour. (ECF No. 18-2 at 5). Ms. Conklin has 17 years of experience as a practicing attorney, and billed at a rate of $250.00 per hour. Plaintiff's paralegal billed at a rate of $95.00 per hour. The hourly rates for both of the attorneys, as well as the paralegal, fall within the presumptively reasonable range in this district for attorneys with comparable experience, as set forth in Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases"). I find that the time Ms. Lonstein, Ms. Conklin and the paralegal spent working on this case is reasonable, and that the requested amount should be accepted as the lodestar. I do not find that any of the factors set forth in *Brodziak v. Runyon*, 145 F.3d at 196, warrant an adjustment to the lodestar amount. Accordingly, I recommend that the Court award Plaintiff attorneys' fees in the amount of $2,964.80.

Plaintiff also seeks taxation of costs in the amount of $650.00, consisting of $400.00 for filing fees and $250.00 for service of process fees for Defendants Lattimore and Sanders. Plaintiff's counsel's affidavit attests that these fees were actually incurred by Plaintiff in connection with this litigation, and incorporates an invoice of the process server. (ECF No. 18-2 at 13). The filing and service fees are reimbursable expenses under the Local Rules.

Accordingly, I recommend that Plaintiff be awarded costs in the amount of $650.00. Altogether, Plaintiff's costs and attorneys' fees amount to a total of $3,614.80.

## III.   CONCLUSION

In sum, I recommend that:

1.   The Court grant Plaintiff's Motion for Default Judgment (ECF No. 18) against Defendants Rudel D. Lattimore and Cheryl R. Saunders as to Count I and deny Plaintiff's Motion as to Count II;

2.   The Court award Plaintiff damages in the amount of $13,200.00, which is comprised of $2,200.00 in statutory damages and $11,000.00 in enhanced damages;

3.   The Court award Plaintiff attorneys' fees and costs in the amount of $3,614.80, which is comprised of $2,964.80 in attorneys' fees and $650.00 in costs.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses listed on Plaintiff's Complaint.  (ECF No. 1). Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


July 14, 2014                                    _____/s/_____
Date                                             Timothy J. Sullivan
                                                 United States Magistrate Judge